## HARDING v TALBOTT

Ohio Appeals, 5th Dist, Morrow Co

Decided Dec 4. 1938

## OPINION

By LEMERT, J.

This cause comes into this court on an appeal from a judgment of the Common Pleas Court in the sum of thirty-five hundred dollars in favor of the plaintiff upon a second amended petition, which was filed December 26, 1936.

This cause was heard once before on an amended petition filed by plaintiff. The first hearing resulted in a judgment in the sum of $2758.75 in favor of the plaintiff. The defendant executor appealed to this court, and this court heard the matter and in the former hearing held that plaintiff had sued upon a contract and that no contract had been proven and reversed and remanded the case for new trial. Thereafter, on December 23, 1936, and after a reversal by this court, plaintiff filed in the Common Pleas Court a motion to amend the claim

on a **quantum meruit**, and on December 26, 1936, made the following journal entry:

"The plaintiff having this day presented to the court her second amended petition and moved for an order granting her leave to file the same and to claim the same compensation for the same services as are set forth in her petition and amended petition upon **quantum meruit**, and the court having carefully examined said second amended petition finds that said motion should be and it hereby is granted, and plaintiff is given leave to file said second amended petition and to claim compensation for the same amount and for the same services as are set forth in her petition and amended petition upon a **quantum meruit.**"

And thereafter said second amended petition was filed and no service of summons was made upon defendant on this second amended petition. On January 13, 1937, defendant filed the following motion to the said second amended petition:

"Now comes the defendant, appealing for the purpose of this motion, only, and moves the court to strike from the files of this cause the paper heretofore filed herein and designated as second amended petition herein."

Said motion was overruled and defendant thereafter filed an answer to the second amended petition, in which defendant states:

"Now comes the defendant and, not waving his objection to the filing of the second amended petition herein nor his exception to the granting of leave to file the same, which objection and exception he hereby expressly reaffirms, by way of answer says," etc.

This case has been presented in oral argument and well and ably briefed by both parties and we take it that the appellant is uring four grounds for reversal. The question of reversal upon the weight of the evidence is not before this court.

1. That the second amended petition stated a new and different cause of action, upon which no summons was issued and defendant was not in court.
2. That the former judgment of this court is res judicata.
3. That there was error in the admission of evidence.
4. Misconduct of counsel in arguing case to the jury.

The principal claim of the appellant is

that the second amended petition set forth a **quantum meruit** instead of an express agreement and that this was such a departure from the original cause of action that it introduces a new and wholly different one into the case, and that the law does not permit such departure, and that defendant was never summoned on such new and different cause of action and was therefore not in court.

Restrictions upon amendments, in §137, GC:

"That the proposed amendment must not change substantially the claim or defense, does not refer to the form of the remedy but to the general identity of the transaction forming the cause of complaint." **14 Oh St 213.**

In the case of **Bolsinger v Halliday, 4 Oh Ap 311, 22 C.C. (N.S.) 289,** we quote from the opinion of the court at page 291:

"The discretion of the trial court in allowing amendments is limited only by the justice of the cause and the substantial identity of the proposed pleading to be substituted by the amendment for the fatally defective one on account of which the motion for judgment was made."

The court makes this further pertinent observation:

"The cause of action is an agreement to pay for certain commodities furnished, or rather, the furnishing of them. The form of agreement, whether express or implied, is only the mode of proving the cause. It is evidence that the cause of action exists, but it is not, itself, the cause of action."

In the instant case the defendant was in court by summons issued on the original petition, which was based on  **quantum meruit.** The second amended petition is really a restatement of the original claim. True, the position taken in the first amended petition was abandoned but plaintiff simply reverted to her original position taken in the petition, in which summons was issued. Plaintiff could at any time, by leave of court, have withdrawn her first amended petition and refiled the original petition. Her position was not changed by the redrafting of the same cause of action, denominating a "second amended petition".

From an examination of the original petition and the second amended petition we find that the defendant was summoned into court upon the same claim, in the same form, when it went to trial, the second time, as it was in the original petition.

The appellant claims that there was stated in the second amended petition an entirely different type of action, which makes the judgment of this court **res adjudicata.** It must be noted that the second amended petition was filed before trial and that this court has rendered no final judgment upon the merits of this case. It is fundamental of **res adjudicata** that it must be a final determination of the rights of the parties upon the merits, and, further, to be available as a defense it must be plead. There is neither of these vital elements of **res adjudicata** in the case at bar. When this court reversed and set aside the judgment of the Common Pleas Court upon the first trial there was no longer any judgment of that court. It ceased to exist. And this court in its former judgment certainly did not attempt any final adjudication of the rights of the parties upon the merits, and there is no suggestion of pleading or even attempting to plead **res adjudicata** in defendant's answer to the amended petition.

As to the other grounds of error, to-wit, in the admission of evidence and the misconduct of counsel, we find no merit.

We therefore find that there is no error in this record and that substantial justice has been done and that the judgment of the court below should be and the same is hereby affirmed. Exceptions may be noted.

MONTGOMERY, PJ, and SHERICK, J, concur.