OPINION
Appellant The Insurance Outlet Agency, Inc. appeals the decision of the Court of Common Pleas, Licking County, which granted summary judgment, on the basis of res judicata, in favor of Appellees American Medical Security, Inc., et al. In addition, appellees have cross-appealed from the denial of their second summary judgment motion, which relied on other grounds. The relevant facts leading to this appeal are as follows.
 Background
Appellant The Insurance Outlet Agency, Inc. ("TIO"), dba Charles Booher Associates, is an independent insurance agency which markets group health insurance plans. Its president is Charles Booher ("Booher"). Appellee American Medical Security, Inc. ("AMS") is a subsidiary of a Wisconsin corporation, primarily marketing group health care insurance in several states. In May 1992, Booher entered into a commission agreement and a general agent contract with AMS. At some point in 1996, AMS discovered what it alleged were improper billing practices and overcharging of policyholders by Booher. AMS soon thereafter terminated its relationship with Booher, alleging a "for cause" basis per the terms of the agent contract. At approximately the same time, AMS ceased further renewal commissions to be paid to Booher pursuant to the commission agreement. On September 9, 1996, AMS filed a complaint against Booher with the Ohio Department of Insurance. The Department of Insurance did not officially render a finding as to any wrongdoing or violation of law by Booher, but he was ordered to pay a fine of $4000 via a consent agreement.
 The Delaware County Case
On October 25, 1996, Booher and Health Administrators of America, Inc., a corporation for which Booher was an officer, filed an amended five-count action in the Delaware County Court of Common Pleas for breach of contract and fraud against AMS, United Wisconsin Life Insurance Company ("UWLIC"), and American Medical Security Insurance Company ("AMSIC"). The trial court granted a motion by Booher for summary judgment in part on August 26, 1997. The summary judgment entry read in part that" * * * it is clear from the terms of the Commission Agreement that the parties did not intend to create a right of unilateral revocation." The Delaware County trial court thereupon found that AMS had violated an express contractual provision by unilaterally terminating and refusing to pay Booher his commissions on the ABL block of business. The trial court judge referred the remaining issues to a magistrate for evidence. On July 17, 1998, Booher, sought leave to again amend the complaint to add claims and additional defendants for alleged violations of Ohio's antitrust laws. The Delaware County trial court denied leave to amend. The magistrate then heard evidence for a total of twelve days, concluding on February 18, 1999. The magistrate took the matter under advisement and issued a decision on February 7, 2000. The decision granted judgment for damages to Booher in the amount of $3,023,754 in regard to Count I of the complaint (breach of commission agreement) and $2,405,543 in regard to Count III (breach of agent contract). In total, the award to Booher amounted to $5,429,297. Both parties filed objections to the magistrate's decision, but the trial judge overruled each and entered judgment on April 10, 2000. AMS appealed and Booher cross-appealed. On March 29, 2001, this Court reversed the decision of the trial court in part, remanding the case with directions to independently review, without deference to the Ohio Department of Insurance's consent decree, whether Booher's actions were in violation of the agent contract. See Health Administrators of America, Inc., et al.,v. American Medical Security, Inc., et al. (March 29, 2001), Delaware App. No. 00CAE04009.
 The Licking County Case
TIO also had entered into an agency agreement with United HealthCare of Ohio, Inc. ("UHC"). In 1996, UHC reviewed its relationship with Booher upon receiving correspondence from AMS regarding the problems it was encountering with him. UHC thereupon sent Booher a letter indicating it no longer would do business with him. On December 18, 1998, TIO filed an action in the Licking County Court of Common Pleas, seeking damages from AMS, Charles A. Jones, who was an independent broker in competition with Booher, and Erie Valley Insurance Agency, Inc., which was a marketer of group health insurance plans. The complaint alleged violations of Ohio's antitrust laws by conspiring to restrain trade with TIO. Following service of the complaint, AMS, Jones, and Erie Valley all moved for dismissal for failure to state a claim, which the trial court denied. AMS, Jones, and Erie Valley filed a joint answer on May 19, 1999.[1]
Among the affirmative defenses was the assertion that "[p]laintiff's claims are barred in whole or in part by res judicata or collateral estoppel." On September 21, 2001, AMS filed a motion for summary judgment based on the defense of res judicata. On September 24, 2001, AMS filed a second motion for summary judgment on the basis that there were no genuine issues of material fact on TIO's antitrust claim. Following a written responses by TIO and reply memoranda by AMS, the trial court granted AMS's September 21, 2001, summary judgment motion on res judicata grounds, but denied AMS's September 24, 2001, summary judgment motion.
TIO timely filed a notice of appeal therefrom, and herein raises the following sole Assignment of Error:
 "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES BASED UPON THEIR UNSUPPORTED AFFIRMATIVE DEFENSE OF RES JUDICATA."
AMS raises the following single Assignment of Error on its cross-appeal:
 "I. THE TRIAL COURT ERRED IN DENYING DEFENDANTS-CROSS-APPELLANTS' MOTION FOR SUMMARY JUDGMENT ON THE MERITS OF THE VALENTINE ACT ANTITRUST CLAIM."
 Insurance Outlet's (TIO's) Appeal I.
In its sole Assignment of Error, TIO argues that the trial court erred in granting summary judgment in favor of AMS on the basis of res judicata. We disagree.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
Appellant first contends that AMS's September 21, 2001 summary judgment motion did not meet the documentary requirements of Civ.R. 56(C), which states that "[n]o evidence or stipulation may be considered except as stated in this rule." In the case sub judice, AMS attached the following supporting materials, in copy form, to the aforementioned summary judgment motion: (1) the 1996 letter in which AMS informs Booher that he is considered to be in breach of their commission agreement; (2) the consent decree issued by the Ohio Department of Insurance concerning Booher; (3) the Delaware County magistrate's decision of February 7, 2000; (4) the Delaware County judgment entry of April 10, 2000, incorporating said magistrate's decision; (5) the opinion of this Court in Health Administrators of America, Inc., et al., v. American MedicalSecurity, Inc., et al. (March 29, 2001), Delaware App. No. 00CAE04009; (6) the attempted second amended complaint from the Delaware County case, which contains a file-stamp from the Delaware Clerk dated July 17, 1998, but which also has on its cover a hand-written notation reading "not allowed"; (7) TIO's Licking County complaint in the present action; (8) a Delaware County magistrate's order overruling Booher's motion for leave to file a second amended complaint in the Delaware County case, dated October 1, 1998; and (9) a three-page excerpt from the Charles Jones deposition of January 14, 2000 in the present Licking County action.
TIO points out that none of the aforesaid documents are authenticated copies nor are they accompanied by any type of verifying affidavits, citing the Ohio Supreme Court's decision in State ex rel. Freeman v.Morris (1991), 62 Ohio St.3d 107, 579 N.E.2d 702. However, the mandate of Freeman must be read in light of case law indicating that technical noncompliance with Civ.R. 56 authentication procedures is not prejudicial if the authenticity of the supporting documents is not called into question. See, e.g., Knowlton v. Knowlton Co. (1983), 10 Ohio App.3d 82,460 N.E.2d 632; International Brotherhood of Electrical Workers v. Smith
(1992), 76 Ohio App.3d 652, 602 N.E.2d 782; In re Foreclosure of Liens
(Feb. 9, 2000), Harrison App. No. 96-489-CA. Although TIO raised this issue in its summary judgment memoranda, we are unpersuaded that anything in the record would indicate that the aforecited documents are unreliable copies of the originals. See, also, State v. Swank (Dec. 21, 2001), Lake App. No. 98-6-049.
TIO secondly contends that the trial court erred in concluding that the earlier decision by the Delaware County court, which did not allow a requested Civ.R. 15(A) amendment of the complaint in that case, constituted a previous adjudication on the merits of TIO's antitrust claim brought in the present Licking County action. TIO quotes the following from Ameigh v. Baycliffs Corp. (1998), 81 Ohio St.3d 247,250, 690 N.E.2d 872: "Where the judgment of a court is not dispositive on issues which a party later seeks to litigate, res judicata is not applicable. State ex rel. Brookpark Entertainment, Inc. v. Cuyahoga Cty.Bd. of Elections (1991), 60 Ohio St.3d 44, 47, 573 N.E.2d 596, 599-600. This is true even if the prior court decision has discussed the issues that are the subject of the current litigation. Id."
However, "* * * res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Grava v. Parkman Township
(1995), 73 Ohio St.3d 379, 381 (Citations omitted). Ameigh deals chiefly with issue preclusion. Accord Brubaker-Schaub v. Geon Co. (Jan. 18, 2001), Cuyahoga App. No. 75694, f.n. 4. The focus of the present appeal is on the doctrine of claim preclusion, i.e., "* * * an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit."National Amusement, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62
(Citation omitted). Accordingly, "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id.
It is fundamental that the doctrine of res judicata cannot be used as a bar to subsequent litigation unless the first judgment was a final determination of the rights of the parties upon the merits. Hodge v.Hoover Co. (Aug. 5, 1985), Stark App. No. CA-6618, citing Harding v.Talbott (1938), 60 Ohio App. 523. Where a judgment is rendered on grounds not involving the merits of the case, that judgment cannot be used as a basis for the defense of res judicata. Id., citing McGatrick v. Wason
(1855), 4 Ohio St. 566. In Hodge, we concluded the Bureau of Workers' Compensation's denial of an injured worker's first motion to amend her claim was not upon the merits and, therefore, could not be utilized as a basis for the application of res judicata. However, in the case sub judice, in its motion in opposition to AMS' motion for summary judgment in the Licking County action, TIO conceded that the Delaware County court had previously denied Booher's motion to amend to include antitrust claims, and "[had found] that the proposed Count VII did not assert a prima facie case of a violation under the Valentine Act." Further, a review of our opinion in Health Administrators of America, infra, reveals that Booher did not appeal the Delaware County court's denial of the requested leave to amend. "A properly denied motion to amend has a preclusive effect under the principles of res judicata. A plaintiff will be bound by that preclusive effect unless the denial is reversed on appeal." Bush v. Dictaphone Corp. (March 30, 1999), Franklin App. No. 98AP-585. We are thus unpersuaded by TIO's arguments in this regard.
Lastly, TIO argues that summary judgment was improper on res judicata grounds, as factual issues existed as to whether the antitrust claim arose out of the same transaction or occurrence leading to the Delaware County action. Grava, supra, defines "transaction" as "a common nucleus of operative facts." Id. at 382, quoting 1 Restatement of the Law 2d, Judgments (1982), 198-199, Section 24, comment b. In analyzing the phrase "transaction or occurrence" found in Civ.R. 13(A), the Ohio Supreme Court has explained that "`[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. That they are not precisely identical * * * does not matter." Rettig Enterprises, Inc. v. Koehler (1994), 68 Ohio St.3d 274,278, 626 N.E.2d 99, quoting Moore v. New York Cotton Exchange (1926),270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750, 757. TIO essentially argues that AMS's decision to terminate Booher, the focus of the Delaware County action, involves a "wholly different" claim than AMS's alleged orchestration of a boycott targeted at Booher and TIO. However, the very language of TIO's Licking County complaint refutes that proposal. Paragraph 17 of said complaint reads as follows:
 "17. On August 30, 1996, in furtherance of defendants' conspiracy to allocate and divide the Booher block of business among the conspirators and to boycott plaintiff to bar it from soliciting or obtaining competitively priced health benefit plans for groups it represented, AMS, acting in concert with Jones, Erie Valley and Perrine, terminated plaintiff's agency agreements `for cause, effective immediately,' unlawfully withheld various payments due the plaintiff with respect to the Booher block of business and began paying commissions thereon to Jones, Erie Valley and Perrine. Upon information and belief, AMS had learned through Perrine and its regional sales manager Jones that plaintiff was negotiating to transfer a substantial part of the Booher block from AMS to more competitively priced plans offered by United HealthCare-Ohio. Movement of that block of business to a competing prover would result in a substantial loss of revenue for AMS and for Erie Valley, Jones and Perrine."
We are further cognizant that TIO's naming of Jones and Erie Valley as defendants in Licking County, but not in the Delaware County action, raises the question of privity. Where the parties in subsequent litigation are not identical, res judicata is applicable only if the subsequent parties are in privity. Deaton v. Burney (1995),107 Ohio App.3d 407, 412, 669 N.E.2d 1, 4. However, the record reveals that Jones and Erie Valley, which is 90% owned by Jones, were brought into the action as a consequence of Jones' role as an AMS district sales manager. We are thus unpersuaded by TIO's contention of a lack of privity.
TIO concludes its argument with the proposition that AMS effectively waived any res judicata challenge by "acquiescing" to the antitrust claim, citing Imperial Construction Management v. International Local 96
(1990), 729 F. Supp. 1199. However, even if Imperial was controlling on this Court, we note that the complicated procedural facts therein reveal a delay by the defendant of two and one-half years in raising a res judicata defense. In the case sub judice, AMS filed answers raising the res judicata defense less than six months after the filing of the complaint, shortly after the motions to dismiss were resolved.
Upon review, we find no error in the of granting summary judgment in favor of AMS on the basis of res judicata. TIO's sole Assignment of Error is overruled.
 AMS's Cross-Appeal
In its sole Assignment of Error on cross-appeal, AMS argues that summary judgment should have been granted on its alternate September 24, 2001 summary judgment motion, as there were no genuine issues of material fact on TIO's antitrust claim. We overrule the Assignment of Error on cross-appeal as moot. The Supreme Court of Ohio has ruled:
 "Where the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in the brief thereof, App.R. 12(B) requires the appellate court to refrain from consideration of errors assigned and argued in the brief of appellee on cross-appeal which, given the disposition of the case by the appellate court, are not prejudicial to the appellee. The judgment or final order of the trial court should, under such circumstances, be affirmed as a matter of law by the court of appeals." Pang v. Minch (1990), 53 Ohio St.3d 186, 191, 559 N.E.2d 1313, paragraph eight of the syllabus.
AMS's sole Assignment of Error on cross-appeal is overruled on grounds of mootness.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is hereby affirmed.
WISE, J., FARMER, P.J., and BOGGINS, J., concur.
[1] We will hereinafter use "AMS" to collectively designate all defendants, unless otherwise noted.