OPINION
{¶ 1} This is an appeal from a decision of the Court of Common Pleas of Licking County granting a Civil Rule 56 motion of appellee.
 {¶ 2} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 3} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE NATIONWIDE INSURANCE COMPANY, BASED ON THE THEORY OF RES JUDICATA."
 {¶ 4} Civil Rule 56(C) states, in pertinent part:
 {¶ 5} Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 6} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 7} The facts underlying this case indicate that an automobile accident occurred through the negligence of one Carter Robb on December 11, 1997, resulting in the death of Andrew Schlesselman, brother of appellant, Jonathan Schlesselman.
 {¶ 8} The tortfeasor's insurance carrier, Progressive Insurance Company, paid its policy limits of $100,000.00 to the next of kin of the deceased.
 {¶ 9} UM/UIM coverage also existed as to the next of kin with appellee, Nationwide Insurance Company (Nationwide) being the insurer of appellant, Jonathan Schlesselman.
 {¶ 10} Grange Mutual Insurance Company (Grange) provided UM/UIM coverage to each of the other next of kin.
 {¶ 11} Nationwide and Grange filed Civ.R. 56 motions in a prior suit, which were sustained. Such ruling was reversed on appeal by this Court (Schlesselman v. Grange Mut. Ins. Co.(Oct. 1, 2001), Licking App. 01CA00050, 2001-Ohio-1424) as to Grange but the appeal as to Nationwide was untimely and, as a result, was dismissed.
 {¶ 12} In addition to the policy of Nationwide (No. 9234N248774) which insured appellant, Jonathan Schlesselman, which was the subject of the failed appeal, Nationwide also provided several additional policies to James A. Monsul d.b.a. James A.Monsul and Associates, the employer of appellant, Jonathan Schlesselman.
 {¶ 13} The action sub judice was brought under the employer's coverage under a theory derived from the ruling of Scott-Pontzer v.Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d 660, 1999-Ohio-292.
 {¶ 14} The trial court, in ruling on Nationwide's motion for summary judgment stated:
 {¶ 15} "In this case, Plaintiff's claims for UM/UIM coverage under the four policies issued by Defendant Nationwide are barred by the claim preclusion component of res judicata. Plaintiff asserts in his first Amended Complaint he is entitled to UM/UIM coverage from Defendant Nationwide because of the wrongful death of his brother due to the accident on December 11, 1997. Similarly, in the previous case, Plaintiff sought UM/UIM coverage from Defendant Nationwide because of the wrongful death of his brother due to the accident on December 11, 1997. Plaintiff's claims for UM/UIM coverage stem from the same operative facts. The fact Plaintiff did not realize he could assert a claim for UM/UIM coverage under his employer's insurer at the time he filed his original action, does not alter the fact all of Plaintiff's UM/UIM claims arise from the exact same occurrence. Moreover, the Parties are identical. Privity exists in this case because the Parties are the same. For these reasons, Plaintiff's claims against Defendant Nationwide are barred under the doctrine of res judicata."
 {¶ 16} The doctrine of res judicata holds that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.Norwood v. McDonald (1943), 142 Ohio St. 299, 305 and Quality Ready Mix,Inc. V. Mamone (1988), 35 Ohio St.3d 224, 227, both citing 30 AmericanJurisprudence, 908, Section 161.
 {¶ 17} In Insurance Outlet Agency, Inc. v. American MedicalSecurity, Inc. (Aug. 12, 2002), Licking App. No. 01CA118,2002-Ohio-4268, this Court reviewed the concepts of res judicata, wherein it held::
 {¶ 18} " res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Grava v. Parkman Township (1995),73 Ohio St.3d 379, 381 (Citations omitted) The focus of the present appeal is on the doctrine of claim preclusion, i.e., " * * * an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first lawsuit." National Amusement, Inc. v. Springdale (1990), 53 Ohio St.3d 60,62 (Citation omitted). Accordingly, "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id.
 {¶ 19} "It is fundamental that the doctrine of res judicata cannot be used as a bar to subsequent litigation unless the first judgment was a final determination of the rights of the parties upon the merits. Hodgev. Hoover Co. (Aug. 5, 1985), Stark App. No. CA-6618, citing Harding v.Talbott (1938), 60 Ohio App. 523. Where a judgment is rendered on grounds not involving the merits of the case, that judgment cannot be used as a basis for the defense of res judicata. Id., citing McGatrick v. Wason
(1855), 4 Ohio St. 566."
 {¶ 20} In examining the ruling in the prior case and appeal with respect to the binding effect of the concept of res judicata, we must agree with the Assignment of Error.
 {¶ 21} There is no question that, had the unfortunate accident and death of appellant's brother not occurred, neither the prior case nor this case under consideration would have been filed. This fact underlies both cases.
 {¶ 22} Also, the parties, appellant and Nationwide were parties in the prior case as well as the one sub judice.
 {¶ 23} However, merely because the accident and death were the basis for each suit and the parties involved were the same does not render the determination binding under the legal premise of res judicata.
 {¶ 24} The issue in the prior case involved an action by appellant under his own contract of insurance with appellee Nationwide.
 {¶ 25} The present action is premised upon separate, unrelated contracts of insurance between such insurer and appellant's employer.
 {¶ 26} It is a basic requirement that each suit arise out of the same subject matter.
 {¶ 27} Here, each action arose out of separate contracts insuring separate persons or entities.
 {¶ 28} The underlying tort is not the subject of these contractual actions but merely the precipitating factor.
 {¶ 29} As the prior appeal did not address the application ofScott-Pontzer to facts and policies in question, we decline to provide an advisory opinion relative to such issues.
 {¶ 30} The determination of the trial court as to res judicata barring the present action is reversed and the Assignment of Error sustained.
 {¶ 31} This cause is remanded for further proceedings in accordance herewith.
By: Boggins, J., Hoffman, P.J, and Edwards, J. concur.