OPINION *Page 2 
{¶ 1} Appellant Ronald W. Hoopingarner, Jr., appeals the decision of the Tuscarawas County Court of Common Pleas, which granted summary judgment in favor of Appellee Jerry K. Kohl in a conversion action pertaining to a certain Freightliner truck. The relevant facts leading to this appeal are as follows.
 {¶ 2} In January, 2005, Appellee Kohl entered into a written purchase agreement with John Woods, whereby Appellee Kohl agreed to sell Woods several pieces of heavy equipment, including a 1995 Freightliner truck.
 {¶ 3} Woods thereupon executed and delivered to appellee a cognovit promissory note for approximately $380,000.00. Appellee thereafter transferred, inter alia, the Freightliner to Woods. However, Woods subsequently defaulted on the cognovit promissory note.
 The Antecedent Case, 2006 CV 090566 {¶ 4} On September 1, 2006, appellee filed a complaint against Woods on the cognovit note in the Tuscarawas County Court of Common Pleas, case number 2006 CV 090566. Said complaint did not list Appellant Hoopingarner as a party. On September 6, 2006, Tuscarawas County Common Pleas Judge Edward O'Farrell entered judgment on the cognovit note in favor appellee and against Woods in the amount of $375,151.53, plus interest.
 {¶ 5} On September 8, 2006, prior to any collection efforts by appellee, Appellant Hoopingarner, who had worked for Woods, purportedly acquired title to the aforementioned 1995 Freightliner truck from Countryside Logging and Chipping, LLC.[1] *Page 3 
 {¶ 6} On September 21, 2006, appellee filed a praecipe of execution in case number 2006 CV 090566. The Tuscarawas County Sheriff thereafter seized the 1995 Freightliner pursuant to the resultant writ of execution.
 {¶ 7} On October 24, 2006, appellee filed a motion to declare title of the Freightliner, under case number 2006 CV 090566. Appellee served a copy of the motion on appellant. Appellant thereafter sought intervention in case number 2006 CV 090566. On November 15, 2006, appellant, proceeding pro se, filed a motion to intervene. No opposition was filed. Judge O'Farrell thereupon granted appellant's motion to intervene on November 29, 2006.
 {¶ 8} On November 30, 2006, the trial court issued a judgment entry stating that by agreement of the parties all claims were dismissed, with prejudice. The court further ordered that the case be closed and removed from the docket.
 The Underlying Case, 2007 CT 120973 {¶ 9} On December 28, 2007, appellant filed the underlying conversion action in the Tuscarawas County Court of Common Pleas, alleging that appellee was not entitled to ownership of the Freightliner.
 {¶ 10} On January 23, 2008, appellee filed a motion for summary judgment, asserting the application of the doctrine of res judicata. Appellant filed a memorandum contra on February 7, 2008, attaching therewith an affidavit wherein he averred that he had not agreed to anything with appellee, as stated by the court in the dismissal entry under 2006 CV 090566. The trial court issued a judgment entry on April 25, 2008, holding that the doctrine of res judicata barred the relief sought by appellant. In essence, the trial court found that appellant had intervened in case 2006 CV 090566, *Page 4 
and that said case had thereafter been dismissed with prejudice by agreement of the parties. The court found that appellant could have raised his claims in the previous litigation; hence summary judgment was warranted in the case sub judice in favor of appellee.
 {¶ 11} On May 20, 2008, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:
 {¶ 12} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING PLAINTIFF/APPELLANT'S COMPLAINT UNDER THE DOCTRINE OF RES JUDICATA.
 {¶ 13} "II. A PRIOR JUDGMENT THAT IS UNREVERSED AND UNMODIFIED MAY BE RIGHTFULLY DISPOSITIVE AND BINDING UPON THE PARTIES IN THAT PRIOR CASE. NEVERTHELESS, WHERE SAID JUDGMENT IS INFECTED WITH FUNDAMENTAL DUE PROCESS FAULTS, IT CANNOT BE THE FOUNDATION OF A RES JUDICATA DEFENSE AGAINST A PARTY WHO WAS DEPRIVED OF DUE PROCESS IN THAT PRIOR CASE.
 {¶ 14} "III. IN A RES JUDICATA ANALYSIS, THE TRIAL COURT ERRED IN FINDING THAT A FAILURE BY PLAINTIFF/APPELLANT TO PURSUE POST-JUDGMENT RELIEF WOULD CURE AN OTHERWISE FAULTY PREDICATE ACTION."
 I., III. {¶ 15} In his First Assignment of Error, appellant argues that the trial court erred in applying the doctrine of res judicata to his complaint.[2] In his Third Assignment of *Page 5 
Error, appellant contends the trial court erred in finding that appellant's failure to pursue post-judgment relief in the antecedent case would allow the application of res judicata as to his conversion complaint. We disagree on both counts.
 {¶ 16} As an appellate court reviewing summary judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. Porter v. Ward, Richland App. No. 07 CA 33, 2007-Ohio-5301, ¶ 34, citing Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. Civ. R. 56(C) provides, in pertinent part:
 {¶ 17} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 18} It is well-established that "[t]he doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Grava v. Parkman Township (1995), 73 Ohio St.3d 379, 381,653 N.E.2d 226 (Citations omitted). Under the doctrine of claim preclusion, " * * * an existing final judgment or decree between the parties to litigation is *Page 6 
conclusive as to all claims which were or might have been litigated in the first lawsuit." National Amusement, Inc. v. Springdale (1990),53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (Citation omitted). Accordingly, "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id.
 {¶ 19} It is fundamental that the doctrine of res judicata cannot be used as a bar to subsequent litigation unless the first judgment was a final determination of the rights of the parties upon the merits.Hodge v. Hoover Co. (Aug. 5, 1985), Stark App. No. CA-6618, citingHarding v. Talbott (1938), 60 Ohio App. 523, 22 N.E.2d 221. However, a judgment entry that specifically states that a case is dismissed with prejudice by agreement of the parties operates as a dismissal upon the merits. See Horne v. Woolever (1959), 170 Ohio St. 178, 182. The judgment entry in case 2006 CV 090566 thus meets the definition of a final determination. In the case sub judice, appellant maintained that he had not agreed to anything regarding dismissal in 2006 CV 090566. See Appellant's Affidavit, February 7, 2008, at 3. However, appellant forfeited, at his future peril, his right to challenge said dismissal by failing to file an appeal or motion to vacate in 2006 CV 090566.
 {¶ 20} Secondly, appellant had intervened in 2006 CV 090566 by his own motion, and cannot now attempt to challenge his status as a party to that prior litigation. See National Amusement, supra. Appellant seems to argue that he was effectively "entrapped" into intervening in that case by Judge O'Farrell. See Appellant's Brief at 8. He presently urges that he could have utilized R.C. 2329.84 as a means of advocating for ownership of the truck, without the necessity of intervention. Again, however, *Page 7 
appellant's failure to utilize an appeal or motion to vacate in 2006 CV 090566 means that he must live with the results of that case, including the application of claim preclusion to the case sub judice.
 {¶ 21} We therefore find that summary judgment in favor of appellee and the application of res judicata in favor of appellee were not erroneous under the facts and circumstances presented.
 {¶ 22} Appellant's First and Third Assignments of Error are overruled.
 II. {¶ 23} In his Second Assignment of Error, appellant maintains that the trial court should not have applied the doctrine of res judicata against him, because of "fundamental due process" errors in case 2006 CV 090566.
 {¶ 24} We first note that appellant failed to raise his present constitutional argument before the trial court in the case sub judice (see, e.g., State v. Ivery, Stark App. No. 2005CA00270, 2006-Ohio-5548, ¶ 44, quoting State v. Awan (1986), 22 Ohio St.3d 120, syllabus). Nonetheless, appellant directs us to Goodson v. McDonough PowerEquipment, Inc. (1983), 2 Ohio St.3d 193, wherein the Ohio Supreme Court observed: "The main legal thread which runs throughout the determination of the applicability of res judicata * * * is the necessity of a fair opportunity to fully litigate and to be `heard' in the due process sense." Id. at 200-201. *Page 8 
 {¶ 25} Upon review of the procedural history in this matter, as previously recited, we find no merit in appellant's present argument. Appellant's Second Assignment of Error is overruled.
 {¶ 26} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
 Wise, J. Hoffman, P. J., and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed. Costs assessed to appellant.
[1] Countryside is apparently a company in which Woods is a founding member.
[2] The text of appellant's assigned error implies the trial court "dismissed" the underlying action; however, the case was technically disposed of via summary judgment. *Page 1