[Cite as *Fifth Third Bank, Natl. Assn. v. Hillman*, 2022-Ohio-4338.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| FIFTH THIRD BANK, NATIONAL ASSOCIATION | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 22-CAE-06-0050 |
| STEVEN E. HILLMAN, ET AL. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  21 CV E 0575


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      December 5, 2022


APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

DANIEL A. FRIEDLANDER                 STEVEN E. HILLMAN
WELTMAN, WEINBERG & REIS              8581 Crail Court
965 Keynote Circle                    Dublin, Ohio   43017
Cleveland, Ohio  44131

*Wise, J.*

{¶1} Defendants-Appellants Steven E. Hillman and Gail V. Hillman ("Appellants") appeal from the May 31, 2022 Judgment Entry by the Delaware County Court of Common Pleas. Plaintiff-Appellee is Fifth Third Bank, National Association ("Appellee"). The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

{¶2} On December 20, 2021, Appellee filed a foreclosure complaint against Appellants relating to property located at 8581 Crail Court, Dublin, Ohio 43017.

{¶3} On April 29, 2022, Appellee filed a Motion for Summary Judgment.

{¶4} On May 12, 2022, Appellants filed a Memorandum Contra.

{¶5} On May 17, 2022, Appellee filed a Reply.

{¶6} On May 19, 2022, Appellants filed a Surreply.

{¶7} On May 31, 2022, the trial court granted Appellee's Motion for Summary Judgment.

## ASSIGNMENTS OF ERROR

{¶8} Appellant filed a timely notice of appeal raising the following four Assignments of Error:

{¶9} "I. NO SUMMARY JUDGMENT SHOULD HAVE BEEN GRANTED.

{¶10} "II. THE TRIAL COURT SHOULD HAVE RECOGNIZED THAT THE LONGSTANDING DOCTRINE THAT OHIO HAS RECOGNIZED THAT NO PERSONS SHOULD BE VEXED TWICE FOR THE SAME CLAIM.

{¶11} "III. WHEN FILING A 60(B) MOTION ONLY THE MOVANT IS ENTITLED TO THE RELIEF SOUGHT.

**{¶12}** "IV. WHEN THE TRIAL COURT ALLOWS A SUR REPLY [SIC] , CAN IT DENY AN ORAL ARGUMENT THAT WAS REQUESTED?"

### Standard of Review

**{¶13}** With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274 (1977).

**{¶14}** The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

**{¶15}** The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the

pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

### I., III., IV.

**{¶16}** Upon review of Appellants' Brief, we find Appellants' Brief does not comply with the Appellate rules for Assignments of Error I., III., and IV.

**{¶17}** Ohio Rule of Appellate Procedure 16, in pertinent part, requires:

The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

* * *

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

* * *

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶18}** Ohio Appellate Rule 12(A)(2), in pertinent part, states: "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

**{¶19}** Under Appellants' first Assignment of Error, Appellants reference a Motion to Vacate Final Appealable Order before the trial court. However, no such Motion was filed in the case *sub judice*. Appellants have failed to provide the court with a citation to the part of the record of this case where the error is reflected. In fact, it appears as if Appellants are attempting to appeal a case different than the case *sub judice*.

**{¶20}** Appellants' third Assignment of Error lacks any argument, and does not refence any part of the record where relief is sought, it simply provides two block quotes from case law without applying the law to the facts of this case, and supporting that application with references to the record.  It is unclear if an error occurred in the case *sub judice*, or if Appellant is arguing an error occurred in a case not before this Court.

**{¶21}** Appellants' fourth Assignment of Error simply reads in its entirety: "The Sur Reply requested oral argument which was never held." Appellants fail to cite relevant parts of the record in the first and third Assignments of Error, and cites no statutory, case law, rules of evidence, or learned treatise from this or any other jurisdiction to support their argument in the fourth Assignment of Error.

**{¶22}** "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, ¶14, quoting *State v. Carman*, 8th Dist. Cuyahoga No. 90512, 2008-Ohio-4368, ¶31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 9th Dist. Summit No. 24184, 2009-Ohio-1211, ¶16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996). Therefore, "[w]e may disregard any assignment of error that fails to present

any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.*, 4th Gallia No. 07CA4, 2008-Ohio-2194, ¶12. *See, also,* App.R.16(A)(7); App.R.12(A)(2); *Albright v. Albright*, 4th Dist. Lawrence No. 06CA35, 2007-Ohio-3709, ¶16; *Tally v. Patrick*, 11th Dist. Trumbull No. 2008-T-0072, 2009-Ohio-1831, ¶¶21-22; *Jarvis v. Stone*, 9th Dist. Summit No. 23904, 2008-Ohio-3313, ¶23; *State v. Norman*, 5th Dist. Guernsey No. 2010-CA-22, 2011-Ohio-596, ¶29; *State v. Untied*, 5th Dist. Muskingum No. CT2006-0005, 2007-Ohio-1804, ¶141.

**{¶23}** An appellate court may rely upon App.R.12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392-393 (1988); *Abon, Ltd. v. Transcontinental Ins. Co.,* 5th Dist. Richland No. 2004-CA-0029, 2005-Ohio-3052, ¶100; *State v. Miller*, 5th Dist. Ashland No. 04-COA-003, 2004-Ohio-4636, ¶41. "Errors not treated in the brief will be regarded as having been abandoned by the party who gave them birth." *Uncapher v. Baltimore & O.R. Co.*, 127 Ohio St. 351, 356, 188 N.E. 553, 555 (1933).

**{¶24}** Appellants' first, third, and fourth Assignments of Error are overruled.

## II.

**{¶25}** In Appellants' second Assignment of Error, they argue Appellee should have been barred from bringing suit against Appellants under the doctrine of *res judicata*. We disagree.

**{¶26}** It is well established that "[t]he doctrine of *res judicata* involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Township*, 73 Ohio St.3d

379, 381, 653 N.E.2d 226 (1995) (Citations omitted). Under the doctrine of claim preclusion, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in the first law suit." *Natl. Amusements, Inc. v. City of Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990) (Citation omitted). Accordingly, "[t]he doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Id*.

{¶27} It is fundamental that the doctrine of *res judicata* cannot be used as a bar to subsequent litigation unless the first judgment was a final determination of the rights of the parties upon the merits. *Harding v. Talbott*, 60 Ohio App. 523, 28 Ohio Law Abs. 363, 22 N.E.2d 221 (5th Dist.1938).

{¶28} Appellants allege the previous law suit referenced between Appellants and Tax Ease Ohio, LLC prevents Appellees from bringing suit against Appellants based upon *res judicata*. However, the previous case was dismissed without prejudice and the previous judgment vacated. Since, "[a] dismissal 'without prejudice' leaves the parties as if no action had been instituted; and questions involved in such proceeding not *res judicata*[,]" Appellees were not barred from bringing the current suit. *Eaton v. French*, 23 Ohio St. 560, 561 (1873).

**{¶29}** Appellants' second Assignment of Error is overruled.

**{¶30}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/br 1129