OPINION
{¶ 1} This timely appeal comes before this court on the record on appeal and the parties' briefs. Plaintiff-Appellant, Don Perkins, appeals the decision of the Mahoning County Court of Common Pleas which granted summary judgment in favor of the Defendant-Appellee, Land Rover of Akron. The issues before this court are whether the sales contract between Land Rover and Perkins contained any warranties, whether Land Rover breached those warranties, and whether Land Rover fraudulently concealed certain defects at the time of the sale.
 {¶ 2} The sales contract in this case contained an "as is" clause which precludes all implied warranties, but Perkins is still entitled to maintain a claim on any express warranty Land Rover made to him. As a condition of the sale, Land Rover promised to fix the vehicle's air conditioning in the contract which created an express warranty. But Land Rover failed to point to any evidentiary materials of the type listed in Civ.R. 56(C) which demonstrate that there are no genuine issues of material fact concerning whether a faulty repair of the air conditioning caused the subsequent damage to the vehicle, leaving the factual dispute of this claim unresolved. Additionally, a buyer can maintain a fraud claim against a used car dealer even if the vehicle is sold "as is" if the dealer should have known of defects in the vehicle. But Perkins has presented no evidence other than the fact that the vehicle developed problems to show that Land Rover should have known of any alleged defect at the time of the sale. For these reasons, the trial court's decision is affirmed in part, reversed in part, and that this cause is remanded for further proceedings on Perkin's claim for breach of the express warranty covering the air conditioning repair.
 Facts {¶ 3} In 1999, Perkins was looking to buy a used vehicle. He found a vehicle and took it to Land Rover so they could recommend whether it was a good buy. After examining the vehicle, Land Rover's mechanic told him not to buy it since there were various problems. Land Rover then recommended a different used vehicle which it had on the lot, a 1993 Range Rover. Perkins did not ask about the vehicle's history, but was told it was a good vehicle. Perkins test-drove the vehicle for a few minutes and decided to purchase that vehicle the same day.
 {¶ 4} The vehicle was sold "as is-no warranty". But in the sales contract, Land Rover agreed to make four modifications before it delivered the vehicle to Perkins. It agreed to install a brushbar, provide labor to install a roofrack, provide a bracket for a safari rack, and repair the air conditioning. Land Rover made the promised changes and repairs and Perkins took possession of the vehicle about a week after agreeing to buy it.
 {¶ 5} Soon after purchasing the vehicle, Perkins began to notice problems with it. The cooling light was always on, the stereo and cruise control did not work, the air suspension system broke, and the alternator had to be replaced. Perkins repeatedly took the vehicle back to Land Rover for repairs. About two years after buying the vehicle, it stopped working entirely. Perkins took the vehicle to an independent mechanic who reported that the heads on the vehicle had been replaced in the past and that either the block or a piston was cracked.
 {¶ 6} Perkins subsequently filed a complaint against Land Rover alleging breach of contract and fraud and Land Rover filed an answer. Land Rover then moved for summary judgment, contending that Perkins' claims were precluded by the "as is" language in the sales contract. Perkins responded, arguing that the sales contract was not an "as is" contract since Land Rover agreed to make modifications to the vehicle and that it had a duty to tell him of the vehicle's defects prior to the sale. Land Rover moved to strike Perkins' response because it was untimely and because it did not comply with Civ.R. 56(C). In its judgment entry, the trial court stated it reviewed the motion and response and granted summary judgment to Land Rover on all claims.
 Preliminary Issues {¶ 7} Land Rover raises three preliminary issues which we must address before resolving the merits of Perkins' appeal. First, Land Rover argues this court should disregard Perkins' response to the motion for summary judgment since it was untimely filed. Mahoning County Court of Common Pleas Loc.R. 4(C)(2) provides that the party opposing any motion has fourteen days to respond to that motion unless an extension is granted. The decision over whether to grant an extension so a party can respond to a motion for summary judgment is within the sound discretion of the trial court. Tilberry v. McIntyre (1999), 135 Ohio App.3d 229,234. The trial court's entry in this case specifically stated that it considered Perkins' response. Land Rover was not prejudiced by this decision in any way. Accordingly, the trial court did not abuse its discretion when it considered Perkins' response to the motion for summary judgment.
 {¶ 8} Land Rover next argues we should disregard Perkins' response to its motion for summary judgment since he allegedly did not set forth specific facts showing that there are genuine issues for trial. It is true that a party opposing summary judgment must point to specific facts that demonstrate a genuine issue of material fact and not rest on mere allegations or denials in the pleadings. Dresher, supra. But there is no reason for us to disregard Perkins' response even if it does not contain a sufficient reason to deny summary judgment. If his response fails to set forth specific facts demonstrating a genuine issue for trial, then we will affirm the trial court's decision to grant summary judgment. If it does, then we will reverse the trial court's decision.
 {¶ 9} Finally, Land Rover argues that an affidavit Perkins attached to his appellate brief should be stricken since it was not before the trial court when it was ruling on Land Rover's motion for summary judgment. It argues the first time this document appeared was on appeal. But Land Rover is wrong when it asserts that Perkins did not present this affidavit to the trial court. The same affidavit Perkins attached to his brief is attached to his response to Land Rover's motion for summary judgment. Accordingly, Perkins is not supplementing the record when he provides us with that affidavit.
 Standard of Review {¶ 10} Since we have determined that Land Rover's preliminary issues are meritless, we turn to the merits of Perkins' appeal. When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v.Shaffer (2000), 90 Ohio St.3d 388, 390. A fact is material when it affects the outcome of the suit under the applicable substantive law.Russell v. Interim Personnel, Inc. (1999), 135 Ohio App.3d 301, 304.
 {¶ 11} In a motion for summary judgment, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,296. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293.
 {¶ 12} Perkins' sole assignment of error alleges:
 {¶ 13} "The trial court erred in granting Defendant's motion for summary judgment in that there are genuine issues as to material facts surrounding the conditions preceding the parties executing an "as is" contract and as to whether there was a concealment of defects in the vehicle which would constitute fraud."
 {¶ 14} Perkins argues two issues within his assignment of error: whether Land Rover was entitled to summary judgment on Perkins' breach of warranty claim and whether it was entitled to summary judgment on his fraud claim. We will address each issue separately.
 Warranties During an "As Is" Sale {¶ 15} Perkins argues the sale contract between he and Land Rover was not an "as is" contract since Land Rover promised to make certain repairs before he took possession of the vehicle. Land Rover argues the contract between it and Perkins is an "as is" contract, so Perkins has no claim against it.
 {¶ 16} Most sales of goods, including used goods, involve either express or implied warranties. Buskirk v. Harrell (June 28, 2000), 4th Dist. No. 99CA31. For instance, a seller generally warrants that a good is merchantable and fit for a particular use when it sells that good unless it conspicuously excludes those implied warranties in writing. R.C. 1302.29(B). All implied warranties are excluded by expressions like "as is" unless the circumstances indicate otherwise. R.C. 1302.29(C)(1). The phrase "as is" describes the quality of the goods sold and in ordinary commercial usage it means that the buyer takes the entire risk as to the quality of the goods sold. Ins. Co. of N. Am. v. AutomaticSprinkler Corp. of Am. (1981), 67 Ohio St.2d 91, 94; Schneider v. Miller
(1991), 73 Ohio App.3d 335, 339.
 {¶ 17} In this case, Perkins acknowledged that he signed a document stating that Land Rover was selling the vehicle "as is". But he asserts this was not an "as is" sale since Land Rover promised to make certain modifications to the vehicle before delivery. His argument is incorrect.
 {¶ 18} A sales contract may contain language negating or limiting any express warranties and any limiting language should be construed as consistent with any words or conduct creating an express warranty if such a construction is possible. R.C. 1302.29(A). If the express warranty and the negation or limitation of that warranty cannot be reasonably construed together, then the express warranty prevails and the negation or limitation is inoperative as to that express warranty. Barksdale v.Van's Auto Sales, Inc. (1989), 62 Ohio App.3d 724, 727-728; R.C.1302.29(A). But the same does not hold true for implied warranties. Id. Accordingly, an "as is" clause can preclude any claim based on an implied warranty, but cannot preclude any claim based on an express warranty.
 {¶ 19} The facts in Barksdale are similar to those in this case. There, the plaintiff purchased a used car from the defendant. At the time of the sale, the buyer specifically asked about the transmission and was told there was nothing wrong with it. He then signed a contract which stated that the vehicle was being sold "as is". Two days after buying the vehicle, the car broke down and the buyer had to have the transmission rebuilt. The appellate court found that the "as is" clause precluded any claim for a breach of an implied warranty, but not claims for a breach of an express warranty. Id. at 728-729. As Barksdale demonstrates, the fact that a seller makes certain promises to a buyer at the time of a sale does not mean that the exclusion of warranties in an "as is" clause is meaningless. Instead, the phrase "as is" excludes all warranties except
those expressly made to the buyer.
 {¶ 20} In its motion for summary judgment, Land Rover exclusively argued that the contract was an "as is" contract negating all warranties. Perkins counters this argument by claiming that Land Rover promised to fix the air conditioning as a part of the sale, that it's repair was faulty, and that the faulty repair and other defects in the vehicle caused damage to the vehicle. Land Rover specifically agreed to fix the air conditioning in the sales contract as item three in the "optional equipment" section of the contract. Because of this promise, Land Rover expressly warranted that the air conditioning would be fixed. Any damage to the vehicle resulting from a faulty repair would not be precluded by the "as is" exclusion of warranties. Accordingly, Land Rover's argument that the "as is" language negated all warranties is meritless.
 {¶ 21} Land Rover's motion for summary judgment did not raise an alternative argument of whether an express warranty was breached if that warranty was not negated by the "as is" language in the contract. "A party seeking summary judgment must specifically delineate the basis for which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 116. A court cannot grant summary judgment on an issue not raised by the movant. Id. Since Land Rover's motion and the evidence in support of that motion is silent regarding whether Land Rover breached its express warranty to repair the vehicle's air conditioning and whether a faulty repair may have caused the subsequent problems with the vehicle, this claim survives summary judgment. Perkins' argument in this regard is meritorious and his claim for a breach of an express warranty for the air conditioning is remanded for further proceedings.
 {¶ 22} The same does not hold true for the remainder of Perkins' claims because he has produced no evidence of any other express warranty which could have caused the problems to the vehicle. Accordingly, Perkins is precluded from making a claim for any other defect in the vehicle.
 Fraud {¶ 23} Perkins' attempts to get around the existence of the "as is" terms within his contract by claiming that Land Rover fraudulently concealed certain information about the vehicle. He claims it would be obvious to any mechanic that the heads on the engine had been replaced a couple of times and that it was fraudulent for Land Rover not to inform him of this fact. Land Rover responds by arguing that Perkins has no evidence that it knew of problems with the engine's heads at the time of the sale.
 {¶ 24} As discussed above, an "as is" clause in a contract places the risk on the buyer and generally relieves any duty the seller has to disclose. Rogers v. Hill (1998), 124 Ohio App.3d 468, 471. But this does not mean a seller can commit fraud. Id. A person may fraudulently conceal a fact when that person has the duty to disclose that fact and that duty primarily arises in a situation involving a fiduciary or other similar relationship of trust and confidence. Fed. Mgt. Co. v. Coopers Lybrand (2000), 137 Ohio App.3d 366, 383-384. The Ohio Supreme Court has stated that a used car dealer does have the duty to disclose certain facts, even when selling a vehicle "as is". "Where a used car dealer sells a vehicle `as is' he is under a duty to use ordinary care to warn the purchaser of defects of which he has, or by the exercise of reasonable care, should have, knowledge." Stamper v. Parr-Ruckman HomeTown Motor Sales, Inc. (1971), 25 Ohio St.2d 1, syllabus.
 {¶ 25} Perkins claims Land Rover had a duty to inform him of the repairs to the head and that it was fraudulent not to. But Stamper held that a dealer only needs to tell a purchaser of defects in the car. In his deposition testimony, Perkins admitted that there was not and is not a problem with the heads which were on the vehicle at the time of the sale. He complains about them now because they had been changed in the past, assumes "they had to be changed for a reason," and supposes that reason must be related to the problems he subsequently had with the vehicle. Since the heads on the vehicle are not defective, it does not appear Land Rover had a duty to tell Perkins they had been repaired.
 {¶ 26} Perkins' claims that Land Rover should have known of other defects, such as the allegedly faulty air suspension, at the time of the sale and should have warned him about them. For instance, he claims there were problems with the cruise control, the stereo, the coolant sensor, and the air suspension and he claims Land Rover should have known about these problems. But he has no evidence supporting his allegation that Land Rover should have known of these defects other than his own conjecture. For example, he claimed Land Rover should have known about the alleged defect in the air suspension since, "[t]hey sell [those vehicles] and fix [those vehicles] and repair [those vehicles] and should know about [the air suspension problem]." But he presents this court with nothing beyond that mere allegation.
 {¶ 27} Basically, the only evidence that Perkins presents that would demonstrate that Land Rover knew or should of known of defects in the vehicle is that it was in the business of selling that type of vehicle and that the vehicle had problems after the purchase. Land Rover points to the "as is" clause in the sales contract to shield itself from Perkins fraud claims. But Perkins has presented nothing showing that Land Rover had a duty to tell him of these defects. Accordingly, Perkins has failed to meet his reciprocal burden of specificity by pointing to facts in the record which demonstrate a genuine issue of fact. The trial court properly granted summary judgment to Land Rover on these claims and Perkins' arguments to the contrary are meritless.
 {¶ 28} In conclusion, the trial court erred when it granted summary judgment to Land Rover on Perkins' claim for breach of an express warranty since Land Rover did not meet its burden on summary judgment to introduce evidence that it did not breach its express warranty to fix the air conditioning in the vehicle. But it properly granted summary judgment on Perkins' claim for fraud since Perkins presents no evidence that Land Rover knew or should have known of the alleged defects the vehicle had at the time of sale.
 {¶ 29} Accordingly, the decision of the trial court is affirmed in part, reversed in part and this cause is remanded for further proceedings regarding Perkins' claim for breach of the express warranty covering the air conditioning repair.
Waite, P.J., and Vukvovich, J., concur.