OPINION *Page 2 
{¶ 1} Plaintiff-Appellant Michael Porter appeals the decision of the Richland County Court of Common Pleas, which granted summary judgment against him in his pro se declaratory judgment action regarding attachments of his prisoner's account. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant, an inmate at the Mansfield Correctional Institution, ODRC, filed a complaint for declaratory judgment and injunctive relief on October 10, 2006 against the following individuals: Appellee Mary K. Ward, the Seneca County Clerk of Courts; Appellee John Symsick, the warden's collection designee at the prison; and, Appellee Cris Nash, the prison's institutional cashier.
 {¶ 3} The complaint alleged, inter alia, that Appellee Ward had violated appellant's due process rights by billing appellant's prison account for fees and costs associated with appellant's pending litigation in the Seneca County Court of Common Pleas. The complaint also alleged, inter alia, that Appellee Symsick's failure to enforce claimed statutory exemptions regarding the collections (including a separate case in the federal courts) deprived appellant of equal protection of the laws, and that Appellee Nash's limitation of appellant's access to funds violated his right to access to the court system.
 {¶ 4} On February 20, 2007, Appellee Ward filed a motion for summary judgment. On March 22, 2007, Appellee Symsick and Appellee Nash filed a motion for summary judgment. Appellant filed responses to both.
 {¶ 5} On April 5, 2007, the trial court issued a judgment entry granting summary judgment to in favor of Appellees Symsick and Nash, and denying appellant's motion for *Page 3 
summary judgment. On April 6, 2007, the trial court issued a judgment entry granting summary judgment in favor of Appellee Ward.
 {¶ 6} On May 4, 2007, appellant filed a notice of appeal. He herein raises the following seventeen Assignments of Error:
 {¶ 7} "I. PURSUANT TO CIV.R. 56(C), JUDGE HENSON ERRORED (SIC) IN GRANTING APPELLEE WARD'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 8} "II. JUDGE HENSON FAILED TO RENDER AN ACTUAL DECISION BASED ON ANY OF THE MERITS OF THIS SUIT.
 {¶ 9} "III. JUDGE HENSON ERRORED (SIC) IN FINDING THERE WAS NO REAL CONTROVERSY OR JUSTICABLE (SIC) ISSUE CONCERNING MONEY TAKEN FROM APPELLANT'S ACCOUNT.
 {¶ 10} "IV. JUDGE HENSON ERRORED (SIC) IN STATING THAT APPELLANT `DID NOT APPEAL THE TRIAL COURT'S ORIGINAL JUDGMENT NOR DID HE SEEK TO VACATE HIS CONVICTION.'
 {¶ 11} "V. JUDGE HENSON ERRORED (SIC) IN RULING THAT APPELLEE WARD SHOULD NOT HAVE BEEN NAMED AS A PARTY TO THIS SUIT.
 {¶ 12} "VI. JUDGE HENSON ERRORED (SIC) IN HOLDING THAT APPELLEE WARD IS ABSOLUTELY IMMUNE FROM LIABILITY.
 {¶ 13} "VII. JUDGE HENSON ERRORED (SIC) IN GRANTING APPELLEES SYMSICK AND NASH'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 14} "VIII. JUDGE HENSON ERRORED (SIC) IN UPHOLDING APPELLEES' ARGUMENT THAT `PLAINTIFF WAS AFFORDED DUE PROCESS' AS WELL-TAKEN. *Page 4 
 {¶ 15} "IX. JUDGE HENSON ERRORED (SIC) IN FINDING APPELLANT'S STATE-PAY NOT BE DEFINED AS `PERSONAL EARNINGS.'
 {¶ 16} "X. JUDGE HENSON ERRORED (SIC) IN RULING THAT FUNDS APPELLANT RECEIVES FROM OUTSIDE SOURCES CANNOT BE DEFINED AS `MAINTENANCE.'
 {¶ 17} "XI. JUDGE HENSON ERRORED (SIC) IN UPHOLDING APPELLEES' ARGUMENT THAT `PLAINTIFF HAS (SIC) DEMONSTRATED HE WAS DENIED ACCESS TO COURTS.'
 {¶ 18} "XII. JUDGE HENSON ERRORED (SIC) IN UPHOLDING THAT APPELLEE NASH DID NOT ERROR (SIC) BY ALLOWING APPELLANT ACCESS TO $3.00 PER MONTH.
 {¶ 19} "XIII. JUDGE HENSON ERRORED (SIC) IN UPHOLDING THAT APPELLANT WAS NOT DENIED EQUAL PROTECTION OF ORC §§ 2329.66(A)(11) AND (13).
 {¶ 20} "XIV. JUDGE HENSON ERRORED (SIC) IN UPHOLDING APPELLEES' ARGUMENT THAT APPELLANT FAILED TO COMPLY WITH ORC § 2969.25(C).
 {¶ 21} "XV. JUDGE HENSON ERRORED (SIC) IN UPHOLDING APPELLEES' ARGUMENT THAT APPELLANT FAILED TO COMPLY WITH ORC § 2969.26(A).
 {¶ 22} "XVI. APPELLANT'S ALLEGATION THAT DRC POLICY 24-CAS-07 FAILS TO COMPORT WITH CONTROLLING AUTHORITIES REMAINS TO BE LITIGATED AS A GENUINE ISSUE OF MATERIAL FACT.
 {¶ 23} "XVII. JUDGE HENSON FAILED TO SUBJECTIVELY REVIEW APPELLEE WARD'S ATTEMPTED SETTLEMENT AS APPROPRIATE MATERIAL." *Page 5 
 I. {¶ 24} In his First Assignment of Error, appellant challenges the trial court's grant of summary judgment in favor of Appellee Ward, the Seneca County Clerk of Courts.
 {¶ 25} In regard to this assigned error, we note that an appellant's brief is required to present "[a]n argument containing the contentions of the appellant with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," as per the requirements set forth in App.R. 16(A)(7). Appellant's argument instead merely makes the bald assertion that the trial judge failed to examine the record as outlined in Civ.R. 56(C). In light of this unsupported argument, we must indulge in all reasonable presumptions in favor of the regularity of the proceedings below. SeeChannelwood v. Fruth (June 10, 1987), Summit App. No. 12797, citingIn Re Sublett (1959), 169 Ohio St. 19, 20.
 {¶ 26} Appellant's First Assignment of Error is therefore overruled.
 II., III., V., VI. {¶ 27} In his Second, Third, Fifth and Sixth Assignments of Error, appellant challenges on various grounds the grant of summary judgment in favor of Appellee Ward.
 {¶ 28} The essential elements for declaratory relief are: (1) a real controversy exists between the parties; (2) the controversy is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties. Aust v. Ohio State Dental Bd. (2000),136 Ohio App.3d 677, 681. It is well-established under Ohio law that court clerks and other court employees have absolute immunity against suits arising out of *Page 6 
the performance of judicial or quasi-judicial duties. See Inghram v.Sheffield Lake (March 7, 1996), Cuyahoga App. No. 69302, citing Kelly v.Whiting (1985), 17 Ohio St.3d 91, 93-94.
 {¶ 29} It is undisputed that Appellee Ward is the duly elected Clerk of Courts for Seneca County. As part of her duties as clerk, Ward engaged in a legal collection process pursuant to R.C. 5120.133. We find reasonable minds could only conclude under the circumstances of this case that Ward was immune from claims regarding her collection duties pertaining to appellant's Seneca County litigation; hence, appellant has failed to demonstrate a justiciable controversy as to Ward.
 {¶ 30} The remaining arguments as to Appellee Ward are therefore moot. Appellant's Second, Third, Fifth and Sixth Assignments of Error are overruled.
 IV. {¶ 31} Appellant's Fourth Assignment of Error challenges the trial court's finding that appellant did not appeal the original judgment or seek to vacate it. However, in order to secure reversal of a judgment, an appellant must not only show some error but must also show that that error was prejudicial to him. See Ames v. All American Truck TrailerService (Feb. 8, 1991), Lucas App. No. L-89-295, quoting Smith v.Flesher (1967), 12 Ohio St.2d 107, 110, 233 N.E.2d 137. Appellant's limited argument fails to articulate how the trial court's dicta impacted the final result of the present case.
 {¶ 32} Appellant's Fourth Assignment of Error is therefore overruled. *Page 7 
 VII., VIII. {¶ 33} In his Seventh and Eighth Assignments of Error, appellant contends the trial court erred in implicitly finding he had been afforded due process and in granting summary judgment in favor of Appellees Symsick and Nash. We disagree.
 {¶ 34} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. Civ.R. 56(C) provides, in pertinent part:
 {¶ 35} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 36} Appellant again raises the unsupported claim that the trial judge failed to examine the record. Appellant also challenges the lack of "specifics on record regarding the multiple issues * * *." Appellant's Brief at 13. However, findings of fact and conclusions of law are not required in addressing summary judgment motions brought pursuant to Civ.R. 56. See Elyria Joint Venture v. Boardwalk Fries,Inc. (Jan. 3, 2001), Lorain App. No. 99CA007336, citing Civ.R. 52. *Page 8 
 {¶ 37} The crux of appellant's remaining argument is that Appellee Symsick's collection procedure, under OAC 5120-5-03, did not afford appellant due process. In State v. Peacock, Lake App. No. 2002-L-115,2003-Ohio-6722, the Eleventh District Court of Appeals addressed a similar argument. The Court first set forth that due process generally requires a right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner. Peacock at ¶ 55, citingBell v. Beightler (Jan. 14, 2003), Franklin App. No. 02AP-569, 2003-Ohio-88, ¶ 51. The Court then concluded: "Ohio Adm. Code 5120-5-03
provides a detailed garnishment procedure. It requires the warden's designee to determine whether `the judgment and other relevant documents are facially valid.' Ohio Adm. Code 5120-5-03(C). The warden's designee then provides notice to the inmate of the debt and its intent to seize money from the inmate's account. Id. The notice must inform the inmate of a right to claim exemptions and the type of exemptions available under R.C. 2329.66. Id. Only after the inmate has had an opportunity to assert any exemption or defense, may money be withdrawn from the inmate's account. Id. Finally, only the amount of monthly income received in the inmate's account that exceeds ten dollars may be withdrawn to satisfy the judgment. Ohio Adm. Code 5120-5-03(E). There is no evidence in the record that this amount is insufficient to meet appellant's needs while incarcerated. Ohio Adm. Code 5120-5-03 comports with the due process requirements of the Fifth and Fourteenth Amendments to the United States Constitution." Peacock at ¶ 56.
 {¶ 38} We herein apply the aforesaid well-reasoned opinion of the Eleventh District Court of Appeals to the case sub judice. Appellant's Seventh and Eighth Assignments of Error are therefore overruled. *Page 9 
 IX. {¶ 39} In his Ninth Assignment of Error, appellant challenges summary judgment by arguing that his inmate state-pay should have qualified as exempt "personal earnings property."
 {¶ 40} Generally, for purposes of garnishment proceedings after judgment, "personal earnings" is defined as "money, or any other consideration or thing of value, that is paid or due to a person in exchange for work, labor, or personal services provided by the person to an employer." R.C. 2716.01(C)(1). At least one Ohio appellate court has held that an inmate's state-pay does not qualify as protected "personal earnings" under R.C. 2716.01(B). See Leybovich v. Grover (Nov. 2, 1998), Warren App. No. CA98-04-041. Appellant nonetheless contends that under the more expansive statutory definition of "personal earnings" for purposes of child support (R.C. 3119.01(C)(1)), his state-pay should be exempt.
 {¶ 41} We find no merit in appellant's position, even assuming, arguendo, the applicability of R.C 2716.01 et seq. to this case. The ultimate goal of Ohio's child support system is serving the best interests of children who are owed support from an absent parent.Treadway v. Ballew (Oct. 7, 1998) Summit App. No. CA. 18984. The policy concerns behind R.C. 3119.01(C) and other child support statutes are thus generally distinct from those pertaining to other collection mechanisms under Ohio law. Appellant's Ninth Assignment of Error is therefore overruled. *Page 10 
 X. {¶ 42} In his Tenth Assignment of Error, appellant challenges summary judgment by arguing that funds an inmate receives from outside sources should be recognized as "maintenance."
 {¶ 43} R.C. 2329.66(A)(11) states that every person who is domiciled in Ohio may hold the following property exempt from garnishment or attachment to satisfy a judgment or order: "The person's right to receive spousal support, child support, an allowance, or other maintenance to the extent reasonably necessary for the support of the person and any of the person's dependents."
 {¶ 44} We note the General Assembly uses the phrase "right to receive * * * other maintenance," suggesting something other than voluntary payments from friends and family received by an inmate. Indeed, although judicial interpretation of R.C. 2329.66(A)(11) is sparse, a federal bankruptcy case concluded the word "maintenance" referenced in said statute "is a recognized component of state court decrees of divorce, dissolution, separation or property settlement * * *." See In reJackson (S.D. Ohio 2006), 348 B.R. 771, 774.
 {¶ 45} We find no reversible error regarding summary judgment in this regard as urged by appellant. Appellant's Tenth Assignment of Error is therefore overruled.
 XI. {¶ 46} In his Eleventh Assignment of Error, appellant argues the trial court erred in failing to find he was denied access to the courts. We disagree. *Page 11 
 {¶ 47} An inmate alleging a denial of his right to access to the courts must at least show that as a result of the denial, the inmate suffered actual prejudice related to his existing or contemplated litigation. See Lewis v. Casey (1996), 518 U.S. 343, 355.
 {¶ 48} In the case sub judice, appellant claims he was left with insufficient funds after attachment with which to litigate a separate federal appeal. However, appellant herein fails to adequately detail how he was actually injured or prejudiced by appellees in a non-frivolous lawsuit attacking his sentence or challenging the conditions of his confinement. Moreover, appellant apparently concedes that he was able to accomplish the necessary mailing of the federal pleadings with the assistance of his father. See Appellant's Brief at 20.
 {¶ 49} Appellant's Eleventh Assignment of Error is therefore overruled.
 XII. {¶ 50} In his Twelfth Assignment of Error, appellant challenges summary judgment by arguing that Appellee Nash improperly garnished his prisoner account, leaving him with $3.00 instead of the $10.00 minimum balance set forth in OAC 5120-5-03.
 {¶ 51} The Sixth Circuit Court of Appeals, addressing analogous federal provisions, has held that even if the prisoner's account is under $10.00, prison officials still must direct payments to cover the initial filing fees to the federal district court in which the federal case is filed. See In re Prison Litigation Reform Act (U.S.C.A. 6, 1997), 105 F.3d 1131, 1133. We are thus unpersuaded that reasonable minds could find Appellee Nash violated appellant's rights in complying with the federal district court's demand for appellant's federal filing fee. *Page 12 
 {¶ 52} Appellant's Twelfth Assignment of Error is overruled.
 XIII. {¶ 53} In his Thirteenth Assignment of Error, appellant contends the trial court erred in granting summary judgment regarding his equal protection claims in regard to the attachment provisions under R.C.2329.66(A). We disagree.
 {¶ 54} Appellant, in support of this assigned error, attempts to revive his arguments regarding "personal earnings" and "maintenance," which we have herein previously rejected. Accordingly, appellant's Thirteenth Assignment of Error is overruled.
 XIV. {¶ 55} In his Fourteenth Assignment of Error, appellant contends the trial court improperly found that he failed to comply with R.C.2969.25(C).
 {¶ 56} R.C. 2969.25(C) requires an inmate to submit a statement of the balance in his inmate account for each of the preceding six months, certified by the institutional cashier, and a statement that sets forth all other cash and things of value owned by him at that time. State exrel. Starks v. McDonald, Lucas App. No. L-07-1243, 2007-Ohio-3957, ¶ 2.
 {¶ 57} Our review of the record does not indicate that the trial court relied on this allegedly mistaken conclusion, as the court granted summary judgment in this case rather than a procedural dismissal. A trial court judge is presumed to know the applicable law and apply it accordingly. Walczak v. Walczak, Stark App. No. 2003CA00298, 2004-Ohio-3370, ¶ 22, quoting State v. Eley (1996), 77 Ohio St.3d 174,180-181, 672 N.E.2d 640. *Page 13 
 {¶ 58} Appellant's Fourteenth Assignment of Error is overruled.
 XV. {¶ 59} In his Fifteenth Assignment of Error, appellant contends the trial court improperly found that he failed to comply with R.C.2969.26(A).
 {¶ 60} The statute at issue reads as follows: "(A) If an inmate commences a civil action or appeal against a government entity or employee and if the inmate's claim in the civil action or the inmate's claim in the civil action that is being appealed is subject to the grievance system for the state correctional institution, jail, workhouse, or violation sanction center in which the inmate is confined, the inmate shall file both of the following with the court:
 {¶ 61} "(1) An affidavit stating that the grievance was filed and the date on which the inmate received the decision regarding the grievance.
 {¶ 62} "(2) A copy of any written decision regarding the grievance from the grievance system."
 {¶ 63} For reasons analogous to our redress of appellant's Fourteenth Assignment of Error, appellant's Fifteenth Assignment of Error is overruled.
 XVI. {¶ 64} In his Sixteenth Assignment of Error, appellant claims the certain DRC policies do not comport with relevant ORC and OAC provisions.
 {¶ 65} We recognize Ohio case law addressing the availability of declaratory judgment actions as a potential remedy for inmates in Ohio prisons asserting constitutional claims. See, e.g., State ex rel.Yonkings v. Ohio Dept. of Rehab. Corr. (1994), 69 Ohio St.3d 70,630 N.E.2d 365. However, in light of appellant's several *Page 14 
unsuccessful attempts to demonstrate error in the within appeal in regard to the granting of summary judgment on his declaratory judgment action, we find it unnecessary to dwell on his present generalized attack on DRC Policy 24-CAS-07. As an appellate court, we are not required to render an advisory opinion or to rule on a question of law that cannot affect matters at issue in the present case. See State v.Bistricky (1990), 66 Ohio App.3d 395, 397, 584 N.E.2d 75.
 {¶ 66} Appellant's Sixteenth Assignment of Error is overruled.
 XVII. {¶ 67} In his Seventeenth Assignment of Error, appellant claims the trial court failed to "subjectively review" documentation of Appellee Ward's alleged settlement proposal in case 06CV1207H. Appellant, as in his First Assignment of Error, again relies on an unsupported assertion regarding the trial judge's consideration of the materials in or related to the case. Appellant's Seventeenth Assignment of Error is overruled for want of compliance with App.R. 16(A)(7).
 {¶ 68} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
 Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
 Costs to appellant. *Page 1