[Cite as *Johnson v. Johnson*, 2017-Ohio-4153.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| REGINALD JOHNSON, ET AL. | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiffs-Appellants | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2016CA00184 |
| ROBIN JOHNSON | |
| Defendant-Appellee | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Probate Division, Case No. 225072 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 5, 2017 |
| APPEARANCES: | |

| For Plaintiffs-Appellants | For Defendant-Appellee |
|---|---|
| TIMOTHY B. PETTORINI<br>SARA E. FANNING<br>Roetzel & Andress, LPA<br>222 South Main Street<br>Akron, Ohio 44308 | STANLEY R. RUBIN<br>437 Market Avenue North<br>Canton, Ohio 44702 |

*Hoffman, J.*

**{¶1}** Plaintiffs-appellants Reginald Johnson, et al. appeal the September 12, 2016 Judgment Entry entered by the Stark County Court of Common Pleas, Probate Division, which granted summary judgment in favor of Defendant-appellee Robin Johnson.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellants are the five adult children and three grandchildren of Fred Johnson ("Decedent"). Appellee is Decedent's second wife.

**{¶3}** Decedent executed his Last Will and Testament on June 3, 2010 ("the Will"). Attorney Don Caplea prepared the Will at Decedent's request. Pursuant to the terms of the Will, Decedent appointed Appellee as Executor of his Estate, and bequeathed any and all of his real property as well as the residual of the Estate to Appellee. Decedent passed away on July 6, 2015, at the age of 88. Appellee applied to probate the Will, which the trial court granted on September 17, 2015.

**{¶4}** On December 15, 2015, Appellants filed a will contest against Appellee, challenging the validity of the Will. Appellants alleged Appellee exerted undue influence upon Decedent to execute the Will. Appellee filed an answer and counterclaim. In her counterclaim, Appellee asserted Appellants' complaint was frivolous. Appellee filed a motion for summary judgment on August 10, 2016. Appellants filed a memorandum in opposition on August 26, 2016.

**{¶5}** The evidence presented during the summary judgment proceedings established Appellants did not like Appellee. Appellee and Decedent met in the early

1980's, and were married in June, 2002.  Decedent was 35 years older than Appellee.  Appellee and Decedent were happily married, and cared for each other during periods of health problems throughout their marriage.

**{¶6}**   Appellants believed Appellee excluded them from decisions regarding Decedent's medical treatments, and failed to notify them when Decedent was hospitalized.  Appellants also thought Appellee controlled Decedent's decisions regarding his property and finances.  Appellants further contended Appellee purchased two rental properties with monies withdrawn from Decedent's 401(k) plan and titled the properties in only her name. In his Affidavit, Appellant Calvin Johnson, Decedent's grandson, averred Decedent was unaware of the purchases until he received a tax bill in the mail.  Affidavit of Calvin Johnson at para. 5(b).  Appellant Calvin Johnson stated he witnessed Decedent "become upset even irate at purchases made by [Appellee] without his knowledge and consent." *Id.* at para. 5.  He added he observed Appellee improperly and unduly influence Decedent to act in ways Decedent would not have acted otherwise. *Id.* at para. 7.

**{¶7}**   Appellant Reginald Johnson, Decedent's son, had owned the home in which Decedent and Appellee were residing.  Deposition of Robin Johnson at 15. Appellant Reginald Johnson indicated Appellee was not happy the residence was not in her and Decedent's names, and insisted Appellant Reginald Johnson transfer the house to them.  Deposition of Reginald Johnson at 14.  Appellant Reginald Johnson recalled a telephone conversation with Decedent during which he heard Appellee yelling in the background, "Get the house. Get the house." *Id.*   In their memorandum in opposition to summary judgment, Appellants concluded this situation demonstrated Appellee influenced

Decedent to ensure the house was transferred and, if Decedent truly wanted the house transferred, "it would have been unnecessary for [Appellee] to be in the background yelling." Plaintiffs' Memorandum in Opposition to Defendant Robin Johnson's Motion for Summary Judgment at 8.

{¶8} Appellants also presented the Affidavit of Judge Frank Forchione. In his Affidavit, Judge Forchione stated he prepared a last will and testament for Decedent "on or around 2009", while he was still in private practice. Affidavit of Judge Frank Forchione at para. 3. Judge Forchione noted the will "included bequests to his children." *Id.* Judge Forchione did not retain a copy of the will. *Id.* at para. 4. He further stated, "If [Decedent] would have requested that I prepare estate planning documents, including a Will, that would have disinherited his children, I would have declined to prepare documents of that nature due to his expressed feelings toward his children." *Id.* at para. 6. The 2009 will was not produced during discovery.

{¶9} In addition, Appellants attached a copy of Decedent's 1974 last will and testament in which Decedent devised and bequeathed his entire Estate to his children in equal shares.

{¶10} In her motion for summary judgment, Appellee stated Decedent wanted to ensure she was taken care of after his death, and knew she would be unable to live on her disability check. To ensure his wishes, Decedent executed the Will on June 3, 2010. Attorney Don Caplea prepared the Will at Decedent's request. Pursuant to the terms of the Will, Decedent appointed Appellee as Executor of his Estate, and bequeathed any and all of his real property as well as the residual of the Estate to Appellee. Attorney Caplea and Decedent had been friends for approximately five years when Decedent

requested Caplea prepare the Will. Affidavit of Don Caplea at para. 4. Attorney Caplea and Decedent remained friends until Decedent's death. *Id.* Attorney Caplea noted Decedent had the capacity to sign the Will and Decedent was not under duress when doing so. *Id.* at 6.

**{¶11}** Via Judgment Entry filed September 12, 2016, the trial court granted judgment in favor of Appellee. The trial court found Appellants failed to provide evidence of undue influence of Decedent. The trial court explained the fact the parties did not get along and Decedent bequeathed the majority of his Estate to Appellee, with whom he had been involved for over thirty years, thirteen of which they were married, was insufficient to establish undue influence. The trial court noted the evidence showed Decedent was competent and made choices during his lifetime which benefited his wife. The trial court added Appellants' anecdotes and speculation regarding Decedent and Appellee's relationship did not create a genuine issue of material fact. Thereafter, Appellee dismissed her counterclaim pursuant to Civ. R. 41.

**{¶12}** It is from the September 12, 2016 Judgment Entry Appellants appeal, raising as their sole assignment of error:

I. THE PROBATE COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO WHETHER DEFENDANT-APPELLEE EXERTED UNDUE INFLUENCE UPON FRED JOHNSON, DECEASED, SO AS TO INVALIDATE THE LAST WILL AND TESTAMENT OF FRED JOHNSON

AS BEING THE PRODUCT OF DEFENDANT-APPELLEE'S UNDUE INFLUENCE.

Civ.R. 56(C) provides:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *.

{¶13} As an appellate court reviewing summary judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. *Porter v. Ward,* Richland App. No. 07 CA 33, 2007-Ohio-5301, 2007 WL 2874308, ¶ 34, citing *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the

record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. A fact is material when it affects the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.

**{¶14}** Appellants specifically assert the trial court erred in granting summary judgment as genuine issues of material fact existed as to whether Decedent was a susceptible testator and whether Appellee had the opportunity to exert undue influence upon Decedent. We disagree.

**{¶15}** A will which has been admitted to probate is presumed to have been made free from restraint. *Krischbaum v. Dillon* (1991)*,* 58 Ohio St.3d 58, 64, 567 N.E.2d 1291. The contestants have the burden to prove undue influence. *Id.*

**{¶16}** To invalidate a will, undue influence "must so overpower and subjugate the mind of the testator as to destroy his free agency and make him express the will of another rather than his own, and the mere presence of influence is not sufficient." *West v. Henry,* 173 Ohio St. 498, 501, 184 N.E.2d 200 (1962). In addition, the "[u]ndue influence must be present or operative at the time of the execution of the will resulting in dispositions which the testator would not otherwise have made." *Id.* Proof of undue influence requires:

(1) a susceptible testator; (2) another's opportunity to exert influence on the testator; (3) the fact of improper influence exerted or attempted; and (4) a result showing the effect of such influence. *Id.* at 510–511.

{¶17} Appellants contend Decedent was a susceptible testator because he was 83 years old when he executed the Will, and was "in poor health around [that] time". Appellants' mention of Decedent's "poor health around [that] time" refers to his hospitalization due to congestive heart failure, which occurred a year after he executed the Will. Although Decedent was hospitalized for six weeks and spent four weeks in a nursing home for rehabilitation, he made a full recovery. In his Affidavit, Attorney Caplea averred Decedent was competent to sign the Will and he did not observe anything which would indicate Appellee was attempting to exert influence over him. In addition, Appellant Reginald Johnson acknowledged Decedent was mentally sharp in 2010. Deposition of Reginald Johnson at 35. We find there is no evidence to support Appellants' assertion Decedent was a susceptible testator. Furthermore, we find the alleged incidents of undue influence cited by Appellants do not establish Appellee "so overpower and subjugate the mind of [Decedent] as to destroy his free agency and make him express the will of another rather than his own".

{¶18} Based upon the foregoing, we find the trial court did not err in granting summary judgment in favor of Appellee.

{¶19} Appellants' sole assignment of error is overruled.

**{¶20}** The judgment of the Stark County Court of Common Pleas, Probate Division, is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Wise, John, J. concur