[Cite as *Cunningham v. Michael J. Auto Sales*, 2021-Ohio-1390.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| MICHAEL CUNNINGHAM, | : | APPEAL NO. C-200087 |
| | | TRIAL NO. 19CV-24641 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| MICHAEL J. AUTO SALES, | : | |
| Defendant-Appellant. | : | |


Civil Appeal From: Hamilton County Municipal Court:

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 21, 2021



*Bradley R. Hoyt,* for Appellant,

*Michael Cunningham,* pro se.

**Bock, Judge.**

{¶1} Defendant-appellant Michael J. Auto Sales ("Auto Sales") appeals the trial court's judgment, which determined that Auto Sales sold a vehicle to plaintiff-appellee Michael Cunningham with prior knowledge of the vehicle's faulty transmission and failed to disclose the defect. For the reasons stated herein, we affirm.

## I.     Facts and Procedure

### A.  The Vehicle

{¶2} In February 2019, Auto Sales purchased a 2008 Ford Edge ("the vehicle") from an auction. About a month later, Cunningham purchased the vehicle from Auto Sales for $5,851.12. The purchase agreement, signed by both parties, contained a section entitled "WARRANTY INFORMATION." It stated, in part:

> Unless Seller provides a written warranty, or enters into a service contract within 90 days from the date of this contract, this vehicle is being sold "AS IS – WITH ALL FAULTS" and Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose * * * .

{¶3} Cunningham made a $3,600 down payment and financed the remainder. Cunningham later made a $250 payment and a $280 payment.

{¶4} Approximately one month after purchase, Cunningham began to experience problems with the vehicle. Cunningham testified that while he was stopped in the vehicle at a traffic light, it felt like someone had hit him, but there

were no cars nearby. Between mid-April and mid-May 2019, Cunningham returned the vehicle to Auto Sales for repairs.

{¶5} Auto Sales performed tests on the vehicle and determined that the solenoid—the computer that "tells the transmission what to do"—needed to be replaced. Auto Sales offered to make the repairs if Cunningham paid for the parts. Cunningham paid an additional $450 for parts to repair the transmission. The vehicle remained in Auto Sales' possession for several months with little or no progress on repairs. The parties could have had the vehicle towed to a Ford dealership for further inspection, but neither party wished to pay for the tow.

{¶6} Due to the problems with the vehicle, Cunningham's girlfriend Felicia Linville lost her job. Auto Sales hired Linville in exchange for it paying for parts to repair the vehicle.

{¶7} Linville testified that at some point after she had been employed with Auto Sales, she suspected that Auto Sales had cheated Cunningham by failing to disclose defects. Linville testified that she had accessed Auto Sales' business computer and found a note referring to Cunningham's account stating "BAD TRANS AS IS W/CONDITIONS." Linville took photographs of that page and two other pages from Auto Sales' computer that involved Cunningham's vehicle.

{¶8} Cunningham refused to make any further payments for repairs or for the vehicle loan. In August 2019, Auto Sales issued a notice of repossession. Cunningham sued in small-claims court to recover the amounts that he had spent on and invested in the vehicle.

### B. The Trial

{**¶9**} At trial, Cunningham offered Linville's photographs, which purportedly captured information involving the sale and financing of the vehicle. Auto Sales objected to the admission of the photographs, but the magistrate admitted them. The three pictures referenced "stock number B34556," which corresponded to the last digits of the VIN number on Cunningham's vehicle. The first photo showed "BAD TRANS AS IS W/CONDITIONS." The next two reflected Cunningham's payment history on the vehicle.

{**¶10**} Auto Sales denied knowledge of any transmission defects and asserted that the photographs did not reflect any software utilized by its business. But Auto Sales admitted that the financial information contained on the second and third photographs accurately reflected the financial transactions between the parties. Further, it admitted that this financial information is maintained on Auto Sales' computer. Auto Sales argued that Linville made up the information.

### C. Magistrate's Decision

{**¶11**} The magistrate found that the "as is" provision in the purchase agreement did not bar a fraud claim. He determined that Cunningham had provided competent, credible evidence that Auto Sales knew, or should have known, that the vehicle had a faulty transmission and that Auto Sales failed to disclose that fact to Cunningham before the sale. The magistrate rendered a decision in favor of Cunningham in the amount of $4,400.

{**¶12**} Auto Sales objected to the magistrate's decision. The magistrate issued findings of fact and conclusions of law.

{¶13} The trial court filed two judgment entries, one of which overruled Auto Sales' objections, adopted the magistrate's decision, and rendered judgment in favor of Cunningham, awarding him $4,400. The other entry, which was attached to Auto Sales' brief, overruled the objections and adopted the magistrate's decision, but failed to include the court's own judgment.

{¶14} Auto Sales timely appealed.

## II.    Standard of Review

{¶15} In its sole assignment of error, Auto Sales asserts that the trial court erred by not granting its objection to the magistrate's decision and by adopting the decision. When reviewing a trial court's ruling on objections to a magistrate's decision, appellate courts must determine whether the trial court abused its discretion. *Kevin Eye v. Sal's Heating & Cooling, Inc.*, 8th Dist. Cuyahoga No. 109212, 2020-Ohio-6737, ¶ 22. A trial court does not abuse its discretion unless its decision was "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## III.    Law

{¶16} "As-is" clauses do not overcome a buyer's ability to justifiably rely on a seller's representation involving defects. *Shannon v. Fischer*, 12th Dist. Clermont No. CA2020-05-022, 2020-Ohio-5567, ¶ 22 (summary judgment was inappropriate when some evidence suggested that sellers knew of a defect in a home). "[A] buyer can maintain a fraud claim against a used car dealer even if the vehicle is sold 'as is' if the dealer should have known of defects in the vehicle." *Perkins v. Land Rover*, 7th Dist. Mahoning No. 03 MA 33, 2003-Ohio-6722, ¶ 2.

{**¶17**} Small-claims proceedings are intended to be informal. *Weltin v. Collins*, 6th Dist. Sandusky No. S-19-019, 2020-Ohio-296, ¶ 16. As such, the Ohio Rules of Evidence do not apply to hearings in small claims court. *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶ 15.

{**¶18**} Because the Ohio Rules of Evidence are not applicable to small-claims proceedings, "the reliability, credibility, and admissibility of evidence are determined by the trial court." *Karnofel v. Girard Police Dept.*, 11th Dist. Trumbull No. 2004-T-0145, 2005-Ohio-6154, ¶ 18.

## IV. <u>Analysis</u>

{**¶19**} There is no dispute that the vehicle was purchased "as is" and that the vehicle was defective. The issue before the trial court was whether Auto Sales knew, or should have known, that the vehicle's transmission was defective prior to the sale.

{**¶20**} As proof of Auto Sales' prior knowledge of the defective transmission, Cunningham and his witness, Linville, submitted photographs of Auto Sales' computer screen, which depicted records related to Cunningham's account. Linville testified that she took the photographs while she was employed by Auto Sales. Auto Sales testified that Linville had access to the business computer.

{**¶21**} Small-claims matters are designed to be simplified. As such, the rules of evidence do not apply. Thus, the photographs were properly entered into the record.

{**¶22**} The trial court determined that Cunningham's evidence proved his claim. The evidence showed that Linville had direct access to Auto Sales' business records and discovered a note in Cunningham's account stating "BAD TRANS AS IS W/CONDITIONS." The photographs contained Cunningham's name, an account

number that corresponded to the VIN number of the vehicle, and the dates and amounts of payments that he made on the vehicle. Although Auto Sales denied the authenticity of the photographs, the magistrate chose to believe that the photographs were authentic. The magistrate was in the best position to judge the credibility of the witnesses.

{¶23} While an "as is" clause in a purchase agreement will typically bar claims of implied warranty, it does not bar all future claims if the seller knew, or should have known, of a defect in the product. *Perkins v. Land Rover*, 7th Dist. Mahoning No. 03 MA 33, 2003-Ohio-6722, ¶ 2. The evidence showed that Auto Sales knew or should have known that there was a defect with the vehicle's transmission and failed to disclose that fact to Cunningham.

{¶24} The trial court did not err in ruling in Cunningham's favor.

## V. <u>Conclusion</u>

{¶25} The trial court did not abuse its discretion by admitting Cunningham's exhibits and finding in favor of Cunningham. The record supports Cunningham's claim that Auto Sales failed to disclose the defect prior to selling the vehicle to Cunningham. Auto Sales' sole assignment of error is overruled and the judgment of the trial court is affirmed.

Judgment Affirmed.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion